IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| CORDARO HUGHES, | ) | |
| --- | --- | --- |
| Plaintiff, | ) | |
| VS. | ) | No. 17-2065-JDT-cgc |
| TONY PARKER, ET AL., | ) | |
| Defendants. | ) | |

ORDER GRANTING LEAVE TO PROCEED *IN FORMA PAUPERIS*,
ASSESSING FILING FEE IN ACCORDANCE WITH PLRA,
DIRECTING CLERK TO ADD DEFENDANTS TO THE DOCKET
AND TRANSFERRING CASE PURSUANT TO 28 U.S.C. § 1406(a)

On January 31, 2017, Plaintiff Cordaro Hughes, Tennessee Department of Correction prisoner number 416857, who is incarcerated at the West Tennessee State Penitentiary ("WTSP") in Henning, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).[1]

---

[1] Twenty-eight U.S.C. § 1914(a) requires a civil filing fee of $350. However, pursuant to § 1914(b), "[t]he clerk shall collect from the parties such additional fees . . . as are prescribed by the Judicial Conference of the United States." The Judicial Conference has prescribed an additional administrative fee of $50 for filing any civil case, except for cases in which the plaintiff is granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. As the Court is granting leave to proceed *in forma pauperis* in this case pursuant to the terms of the PLRA, Plaintiff is not liable for the additional $50 fee.

Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments. *Id.* at 604. In this case, Plaintiff has properly submitted an *in forma pauperis* affidavit and an inmate trust account statement, as required by 28 U.S.C. § 1915(a)(2). The motion to proceed *in forma pauperis* is GRANTED in accordance with the terms of the PLRA.

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust account officer at Plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust account officer shall collect them and pay them directly to the Clerk of the Court. If the funds in Plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the trust account officer is instructed to withdraw all of the funds in the Plaintiff's account and forward them to the Clerk of the Court.

On each occasion that funds are subsequently credited to Plaintiff's account the trust account officer shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust account officer shall withdraw from Plaintiff's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Plaintiff's account during the preceding month, but only when the amount in the account exceeds $10, until the $350 filing fee is paid.

Each time the trust account officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment. All payments and accounts statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
167 N. Main St., Rm. 242, Memphis, TN 38103

and shall clearly identify Plaintiff's name and the case number as included on the first page of this order.

If Plaintiff is transferred to a different prison or released, he is ORDERED to notify the Court in which the case is pending of his change of address. If still confined, he shall provide the officials at the new facility with a copy of this order. If Plaintiff fails to abide by these or any other requirements of this order, appropriate sanctions may be imposed, up to and including dismissal of this action, without any additional notice or hearing.

The Clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at the Plaintiff's prison. The Clerk is further ORDERED to forward a copy

of this order to the Warden of the WTSP to ensure that the custodian of Plaintiff's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

Plaintiff's complaint concerns events that occurred during his previous incarceration at the Turney Center Industrial Complex ("TCIX") in Only, Tennessee. He has sued TDOC Commissioner Tony Parker; TCIX Warden Kevin Genovese; Assistant Warden Jeff Butler; and Sergeant Epley, a Disciplinary Board official.[2] He alleges that his due process rights were violated during certain disciplinary proceedings.

Twenty-eight U.S.C. § 1391(b) authorizes the commencement of a civil action only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
> 
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or
> 
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Except for the fact that Plaintiff is now incarcerated here, this case has no connection with this district. The allegedly unlawful acts occurred at the TCIX, which is in Hickman County. Hickman County is part of the Columbia Division of the Middle District of Tennessee. 28 U.S.C. § 123(b)(3).

---

[2] Defendants Butler and Epley, while not listed in the case caption of the complaint, are named later on a separate page. (ECF No. 1 at 7.) The Clerk is DIRECTED to add Defendants Butler and Eply to the docket.

4

Twenty-eight U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." This action should have been brought in the Middle District of Tennessee. Therefore, the case is hereby TRANSFERRED, pursuant to 28 U.S.C. § 1406(a), to the Columbia Division of the United States District Court for the Middle District of Tennessee.

The Clerk is directed to close this case without entry of judgment.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE